**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARRY P. SAMBRANO,<br><br>          Petitioner,<br><br>     v.<br><br><br>S. REED,<br><br>          Respondent. | Case No. 1:14-cv-01223-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOC. 9)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND (DOC. 1), DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>**OBJECTIONS DEADLINE:**<br>**THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304.  Pending before the Court is the Respondent's motion to dismiss the petition, which was filed on October 10, 2014.  Petitioner filed opposition on October 31, 2014.  Although the time for filing a reply has passed, no reply has been filed.

     I.   Background

     Petitioner alleges that he is an inmate of the California

Correctional Institution at Tehachapi (CCIT) serving a sentence for attempted murder.  Petitioner challenges a disciplinary finding made on or about March 25, 2011, at Kern Valley State Prison (KVSP), that Petitioner committed attempted murder with serious injury and use of a deadly weapon, as well as the sanction of loss of 360 days of conduct credit imposed for the disciplinary violation.  (Pet., doc. 1, 1-2.)  Petitioner raises the following claims in the petition: 1) he was denied his right to an impartial decision maker because Captain S. Henderson submitted a confidential report on the disciplinary charge on February 25, 2011, acted as the decision maker on the charge on March 25, 2011, and issued a falsified report; 2) Henderson failed to process any documentation on the charge and relied on personal, handwritten notes at the hearing, resulting in Petitioner's being unable to present unspecified defenses; 3) there was no evidence to support the charge; 4) Petitioner suffered an illegal deprivation of time credits because time limitations (apparently based on state law or policy) on re-issuing reports were violated, the untimely report was the only evidence of guilt, and the only corroborative evidence was reported after the guilty finding, denying Petitioner an opportunity to defend against the charge and denied him an opportunity to prepare for the hearing.  Petitioner seeks reversal of the finding and reinstatement of his time credits and his work group assignment. (Id. at 4-10.)

     With respect to the facts of the disciplinary offense, officers reported that inmate Soto was observed to be bleeding profusely from two lacerations across the left side of his face and one across the back of his neck; he was also bleeding actively from a puncture

wound to the lower abdomen. (Doc. 10, 34.) Soto was so severely injured that he had to be transported by ambulance to an external treatment facility. (Id. at 61.) A confidential disclosure form reflected that two sources independently informed prison authorities that Petitioner had assaulted inmate Soto with a weapon. (Doc. 10, 70.) A motive for the attack was provided. (Id.) A confidential informant saw Petitioner slash the victim across the face in the dayroom; the informant had previously given truthful information, and to release more information might endanger institutional safety. (Id. at 34.) A confidential information report reflected that a search of the informant's central file had been conducted to verify the reporting officer's statement that the informant had previously provided true information. (Id. at 49.) The confidential information was disclosed to Petitioner to the extent possible, but further disclosure could endanger safety. (Id. at 70.) The hearing officer also relied on a schematic report showing that at the time of the attack, Petitioner was not where he had claimed to be; he was where confidential information had indicated. (Id. at 48.)

The hearing officer accepted as true Petitioner's representations that inmates Steve, Hernandez, and Gomez would testify that at the time of the attack, Petitioner was with them playing cards in the dayroom. (Id. at 47.) The officer also accepted as true his representation that inmate Soto would testify that Petitioner did not attack him. (Id.) The hearing officer concluded that each confidential source was corroborated not only by the other source but also by the physical evidence, which further reflected Petitioner's intent to murder Soto. (Id. at 48-50.)
///

3

II.   <u>Failure to Exhaust State Court Remedies</u>

The California Supreme Court (CSC) denied Petitioner's habeas corpus petition.  In its order of denial filed on July 9, 2014, the CSC stated the following:

> The petition for writ of habeas corpus is denied.
> (See People v. Duvall (1995) 9 Cal. 4th 464, 474; In re Dexter (1979) 25 Cal.3d 921, 925.)

(Motn., ex. 2, doc. 9 at 24.)

Respondent seeks dismissal because the citation of <u>Duvall</u> and <u>Dexter</u> indicate that Petitioner failed to exhaust his state court remedies as to all his claims, and thus dismissal of the petition is warranted.  Respondent argues that dismissal is also appropriate because Petitioner's procedural default of failing to exhaust administrative remedies forecloses review of Petitioner's claims in this proceeding.

A.   <u>Proceeding by a Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

The Ninth Circuit has allowed respondents to file motions to dismiss pursuant to Rule 4 instead of answers if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for

4

failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same).  Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer.  <u>Hillery v. Pulley</u>, 533 F.Supp. at 1194 & n.12.

Here, Respondent's motion to dismiss addresses Petitioner's failure to exhaust state court remedies and the effect of Petitioner's procedural default in state court.  The relevant material facts are found in copies of the official records of state judicial proceedings which have been provided by the parties and as to which there is no factual dispute.  The Court will review Respondent's motion to dismiss pursuant to its authority under Habeas Rule 4.

B.   <u>Legal Standards</u>

A petitioner in state custody who wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting

it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

The petitioner must have specifically told the state court he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

6

1  Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule

2  further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000),

3  as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

4  2001), stating:

5      Our rule is that a state prisoner has not "fairly
       presented" (and thus exhausted) his federal claims
6      in state court unless he specifically indicated to
       that court that those claims were based on federal law.
7      See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
       2000). Since the Supreme Court's decision in Duncan,
8      this court has held that the petitioner must make the
       federal basis of the claim explicit either by citing
9      federal law or the decisions of federal courts, even
       if the federal basis is "self-evident," Gatlin v. Madding,
10     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
       Harless, 459 U.S. 4, 7... (1982), or the underlying
11     claim would be decided under state law on the same
       considerations that would control resolution of the claim
12     on federal grounds, see, e.g., Hiivala v. Wood, 195
       F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
13     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
       at 865.
14     ...
       In Johnson, we explained that the petitioner must alert
15     the state court to the fact that the relevant claim is a
       federal one without regard to how similar the state and
16     federal standards for reviewing the claim may be or how
       obvious the violation of federal law is.
17

18 Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended

19

20 by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

21 Where none of a petitioner's claims has been presented to the highest

22 state court as required by the exhaustion doctrine, the Court must

23 dismiss the petition.  Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th

24 Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).  The

25 authority of a court to hold a mixed petition in abeyance pending

26 exhaustion of the unexhausted claims has not been extended to

27 petitions that contain no exhausted claims.  Raspberry, 448 F.3d at

28

7

1154.

C.   Citation of Dexter

In In re Dexter, 25 Cal.3d 921 (1979), the CSC declined to review a habeas petition because the petitioner failed to exhaust his available administrative remedies.  Here, the CSC's citation of Dexter in its order denying Petitioner's habeas petition means the CSC did not reach the merits of Petitioner's claims because he had failed to exhaust administrative remedies.  See Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) (noting that if the CSC in a denial order cites an authority indicating that the petition was procedurally deficient, available state remedies have not been exhausted due to the failure to give the CSC a fair opportunity to correct the underlying constitutional violation). District courts in California have consistently held that denial of a habeas petition with a citation to Dexter means that the petitioner has not exhausted state court remedies.  See Herrera v. Gipson, no. 2:12-cv-2982 TLN DAD P, 2014 WL 5463978, at *1-*3 (E.D.Cal. Oct. 27, 2014) (unpublished) (collecting cases).

Here, Petitioner's administrative appeal was initially rejected because of documentation attached to it.  Petitioner then resubmitted the appeal to the Chief Appeals Branch, which resulted in denial of the appeal because lower adjudicative levels had been bypassed and the instruction to send the appeal to KVSP had not been followed.  (Doc. 10 at 3-4, 12-13, 16-18, 21, 26, 32.)  Petitioner resubmitted the appeal, which was dismissed as untimely.  (Id. at 4.)

In a petition filed in the CSC, Petitioner alleged that after communication with Internal Affairs, on December 21, 2011, in a

8

1  telephonic hearing held at KVSP regarding the appeal, Petitioner was

2  offered a rehearing of the rules violation report, but he declined.

3  When he tried to re-activate the appeal, he learned that the appeal

4  had been cancelled.  (Motn., doc. 9 at 16.)

5       Although Petitioner contends his administrative appeal was not

6  untimely, the question of whether the California Supreme Court

7  properly determined that Petitioner had failed to exhaust the

8  administrative remedies provided for by state statutes and

9  regulations is a state law matter for which federal habeas corpus

10 relief does not lie.  Federal habeas relief is available to state

11 prisoners only to correct violations of the United States

12 Constitution, federal laws, or treaties of the United States (28

13 U.S.C. § 2254(a)); it is not available to retry a state issue that

14 does not rise to the level of a federal constitutional violation.

15 Wilson v. Corcoran, 562 U.S. —, 131 S.Ct. 13, 16 (2010); Estelle v.

16 McGuire, 502 U.S. 62, 67-68 (1991).  The Court accepts a state

17 court's interpretation of state law.  Langford v. Day, 110 F.3d

18 1180, 1389 (9th Cir. 1996).  In a habeas corpus proceeding, this

19 Court is bound by the California Supreme Court's interpretation of

20 California law unless the interpretation is deemed untenable or a

21 veiled attempt to avoid review of federal questions.  Murtishaw v.

22 Woodford, 255 F.3d 926, 964 (9th Cir. 2001).

23      Here, there is no indication that the state court's

24 interpretation of state law was associated with an attempt to avoid

25 review of federal questions.  This Court is, therefore, bound by the

26 state court's interpretation and application of state law.

27      In summary, in light of the California Supreme Court's citation

28 of Dexter in its denial order, it is concluded that Petitioner did

not fairly present his claims to the state's highest court and thus
has not satisfied the exhaustion requirement. Accordingly, it will
be recommended that the Court grant Respondent's motion to dismiss
the petition due to Petitioner's failure to exhaust his claims in
state court.

III.  <u>Procedural Default</u>

Respondent argues that the CSC's citation of <u>Dexter</u> reflects
Petitioner's procedural default as to all Petitioner's claims, which
bars consideration of the claims in this Court and warrants
dismissal of the petition.  Petitioner argues he can show cause and
prejudice to excuse any procedural default, such as any failure to
exhaust administrative remedies; further, it would be a fundamental
miscarriage of justice to dismiss his petition.

A. <u>Legal Standards</u>

The doctrine of procedural default is a specific application of
the more general doctrine of independent state grounds.  It provides
that when state court decision on a claim rests on a prisoner's
violation of either a state procedural rule that bars adjudication
of the case on the merits or a state substantive rule that is
dispositive of the case, and the state law ground is independent of
the federal question and adequate to support the judgment such that
direct review in the United States Supreme Court would be barred,
the prisoner may not raise the claim in federal habeas absent a
showing of cause and prejudice or that a failure to consider the
claim will result in a fundamental miscarriage of justice.  <u>Walker</u>
<u>v. Martin</u>, - U.S. -, 131 S.Ct. 1120, 1127 (2011); <u>Coleman v.</u>
<u>Thompson</u>, 501 U.S. 722, 729-30 (1991); <u>Bennett v. Mueller</u>, 322 F.3d
573, 580 (9th Cir. 2003); <u>Wells v. Maass</u>, 28 F.3d 1005, 1008 (9th

Cir. 1994). The doctrine applies regardless of whether the default occurred at trial, on appeal, or on state collateral review. Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  Petitioner is barred from raising the defaulted claims unless the petitioner can 1) excuse the default by demonstrating cause for the default and actual prejudice as a result, or 2) show that the case comes within the category of cases the Supreme Court has characterized as fundamental miscarriages of justice.  Coleman v. Thompson, 501 U.S. at 722.

> B.   Failure to Exhaust Administrative Remedies
>       as an Independent and Adequate State Ground
>       for the Decision

The status of California's administrative exhaustion requirement as an independent and adequate state ground for decision has been recently summarized by this Court as follows:

> California's administrative exhaustion rule is based solely on state law and is therefore independent of federal law. *See Carter v. Giurbino*, 385 F.3d 1194, 1197 (9th Cir.2004) ("A state ground is independent only if it is not interwoven with federal law."); see also Cal.Code Regs. tit. 15, § 3084.1(a) (prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare."). District courts in California have consistently held that if the California Supreme Court denies a petition with a citation to *In re Dexter* federal habeas review is procedurally barred because California's administrative exhaustion rule is both independent of federal law and adequate to support the state court judgment. *See, e.g., Riley v. Grounds,* No. C-13-2524 TEH (PR), 2014 WL 988986 at *4 (N.D.Cal. March 11, 2014) (granting motion to dismiss petition as procedurally barred in light of California Supreme Court summary denial with a citation to *In re Dexter*); *Yeh v. Hamilton*, 1:13-cv-00335 AWI GSA HC, 2013 WL 3773869 at *2-3 (E.D.Cal. July 17, 2013) (petitioner's claims

procedurally barred after California Supreme Court denied state petition with citation to *In re Dexter*); *Foster v. Cate*, 1:12-cv-01539 AWI BAM HC, 2013 WL 1499481 at *3-4 (E.D.Cal. April 11, 2013) (California Supreme Court's citation to *In re Dexter* is both independent and adequate and therefore respondent is correct that federal habeas review is procedurally barred); *Chatman v. McDonald*, No. 2:08-cv-2054 KJM EFB P, 2012 WL 6020030 at *2 (E.D.Cal.Dec.3, 2012) ("Because [exhaustion of administrative remedies] is an adequate and independent state law ground for denying him relief, this court may not reach the merits of petitioner's claims ...."); *Garner v. Yates*, No. 1:11-cv-02051 LJO GSA HC, 2012 WL 1192847 at *4-5 (E.D.Cal.Apr.10, 2012) (federal habeas review is barred because California Supreme Court denied his petition with citation to *In re Dexter*, which is an independent and adequate state procedural ground); *McCann*, 2011 WL 6750056 at *3-4 (claims procedurally barred because *In re Dexter* administrative exhaustion rule is both independent and adequate).

Thompson v. Macomber, no. 2:14-cv-1787-GEB-GGH, 2015 WL 222583, at *3 (E.D.Cal. Jan. 14, 2015) (unpublished).

Here, the CSC's decision to deny the petition was expressly based on an independent and adequate state ground for decision. Accordingly, this Court's review of Petitioner's claims is barred unless Petitioner demonstrates: 1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or 2) a fundamental miscarriage of justice. Harris, 489 U.S. at 262, 109 S.Ct. at 1043.

C.   Cause, Prejudice, and Miscarriage of Justice

Petitioner relies in part on cases concerning 42 U.S.C. § 1983 regarding futility of exhaustion or prevention from exhaustion.

Cause is a legitimate excuse for the default. Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To establish cause, the petitioner must show that some objective factor external to the

12

defense impeded efforts to construct or raise a claim, such as a showing that the factual or legal basis for a claim was not reasonably available, counsel was ineffective in failing to preserve a claim, or some interference by officials made compliance impracticable. Coleman v. Thompson, 501 U.S. at 753 (citing Murray v. Carrier, 477 U.S. 478, 488, 492 (1986)).

Here, Petitioner has not alleged any facts to support a conclusion that there was any objective factor external to the defense that impeded efforts to construct or raise a claim. Petitioner's staff complaint showed he knew the factual basis for his claim, and there is no basis for an inference that the legal basis of his claim was not reasonably available. Petitioner was not represented by counsel, and there is no indication of any interference by officials. The documentation submitted by Petitioner does not demonstrate any failure of procedural due process.

With respect to prejudice, a petitioner must show that actual prejudice resulted from the inability to raise the issue. Murray v. Carrier, 477 U.S. 478, 494 (1986). This entails a showing that the errors worked to the petitioner's "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 494 (quoting United States v. Frady, 456 U.S. 152, 170 (1982)); Leavitt v. Arave, 383 F.3d 809, 830 (9th Cir. 2004); Correll v. Stewart, 137 F.3d 1404, 1415-16 (9th Cir. 1998).

Here, the evidence was in conflict, but the evidence clearly preponderated in favor of the findings, including multiple reliable, confidential sources that corroborated each other; independent

institutional records of Petitioner's location; and the physical evidence of injuries to the victim. The records of the disciplinary proceeding submitted by Petitioner demonstrate that the original rules violation report was re-issued, and Petitioner acknowledged compliance with notice and time requirements. (Doc. 10, 46.) Petitioner's generalized allegation of interest is contradicted by the record, which reflects that the hearing officer considered all the evidence, stated that he determined that the confidential information was more reliable, and set forth the basis for his decision. The record does not show or even suggest how any defense of Petitioner was obstructed or diminished. In sum, Petitioner has not shown any actual prejudice.

Finally, Petitioner has not shown that his case comes within the category of fundamental miscarriages of justice. It is therefore concluded that Petitioner's procedural default precludes review of Petitioner's claims, and that dismissal is appropriate.

IV. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Habeas Rule 11(a).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that

14

reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> An applicant must show more than an absence of frivolity or the existence of mere good faith; however, the applicant need not show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

V.   <u>Recommendations</u>

Based on the foregoing, it is RECOMMENDED that:

1)   The Respondent's motion to dismiss the petition be GRANTED;

2)   The petition for writ of habeas corpus be DISMISSED for Petitioner's failure to exhaust state court remedies and his procedural default;

1      3)   The Court DECLINE to issue a certificate of apepalability;

2 and

3      4)   The Clerk be DIRECTED to close the case.

4      These findings and recommendations are submitted to the United

5 States District Court Judge assigned to the case, pursuant to the

6 provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

7 Rules of Practice for the United States District Court, Eastern

8 District of California.  Within thirty (30) days after being served

9 with a copy, any party may file written objections with the Court

10 and serve a copy on all parties.  Such a document should be

11 captioned "Objections to Magistrate Judge's Findings and

12 Recommendations."  Replies to the objections shall be served and

13 filed within fourteen (14) days (plus three (3) days if served by

14 mail) after service of the objections.  The Court will then review

15 the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

16 The parties are advised that failure to file objections within the

17 specified time may result in the waiver of rights on appeal.

18 Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing

19 Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

20

21 IT IS SO ORDERED.

22   Dated:   **February 19, 2015**            **/s/ Sheila K. Oberto**

23                                        UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

16